## STATE OF MARYLAND *v.* JOSEPH EUGENE WYNN

[No. 448, September Term, 1974.]

*Decided May 5, 1975.*

The cause was argued before MOYLAN, ▉ POWERS, GILBERT and MASON, JJ.

*James G. Klair, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Milton B. Allen, State's Attorney for Baltimore City* and *Stephen R. Tully, Assistant State's Attorney for Baltimore City,* on the brief, for appellant.

*Gerald A. Kroop,* with whom was *Ronald I. Kurland* on the brief, for appellee.

Powers, J., delivered the opinion of the Court.

This is an appeal by the State from an order by Judge Robert B. Watts in the Criminal Court of Baltimore granting the appellee's motion to dismiss several indictments against him on the ground that he had been denied a speedy trial. The indictments which were dismissed were returned on 9 January 1974, charging violation of the narcotics laws, conspiracy, and maintaining a common nuisance house. The motion to dismiss was heard and decided in April 1974, and the State took this appeal.

The criminal offenses are alleged to have occurred on 13 December 1969. Wynn was arrested at that time and a few days later was released on bond. Three indictments were returned against him in January 1970. Several times when the cases were called for trial, continuances were granted to the State on its representation that it was unable to locate the witnesses necessary to prove the case. At a scheduled trial date on 14 December 1972, the State again explained that it had been unable to locate necessary witnesses, and entered a nolle pros. as to each indictment. Defendant's counsel stated on the record at that time that the entry of the nolle pros. was in no way to be considered as a waiver of the defendant's right to a speedy trial.

At the hearing on the motion now on appeal the State had no explanation for the three year lapse of time between the arrest and the nolle pros. other than the bare statement that the witnesses had not been located. The State candidly informed the hearing judge that when a newly formed investigative unit in the State's Attorney's office was assigned the task of locating the witnesses, some four years after the offenses, the witnesses were located in five days.

We said in *State v. Hunter,* 16 Md. App. 306 (1972) at 310:

> "The right to a speedy trial is relative, and the time within which the trial must be had depends on the facts and circumstances of each particular case. *Barker v. Wingo,* [407 U. S. 514 (1972)]; *State v. Lawless,* 13 Md. App. 220, 227, 283 A. 2d 160 (1971);

*Stevenson v. State,* 4 Md. App. 1, 10-11, 241 A. 2d 174 (1967). The facts and circumstances in each particular case should be viewed in the light of four factors: (1) The length of the delay, (2) The reason for the delay, (3) Prejudice to the accused, and (4) Waiver by the accused."

In *State v. Jones,* 18 Md. App. 11 (1973) we said, at 23:

"If, upon preliminary examination, we may determine that there has been no 'delay' of 'constitutional dimension' — if the claim of 'speedy trial' denial is clearly frivolous — if the passage of time is patently not inordinate — we are relieved of all necessity to make further analysis. If this threshold of 'constitutional dimension' has not been crossed, there is no need for the delicate weighing of social values in order 'to balance the right of the individual to obtain a speedy trial against the right of society to punish those who are properly shown to have committed a crime against it.' There is no need to look to the subtle interaction of the four factors: (1) length of delay, (2) reason for delay, (3) prejudice to the accused, and (4) assertion of the right by the accused."

As to the starting point for calculating delay we said in *State v. Hunter, supra,* at 311:

" * * * in order to calculate a constitutionally proscribed delay in bringing a matter to trial, we must look back to the date of the commencement of a prosecution by way of arrest, warrant, information or indictment, whichever shall first occur, and then forward to the date of the trial or hearing. * * * "

In the case before us the length of the delay — the passage of time — is patently inordinate. It crosses far beyond the threshold of constitutional dimension. Therefore we must view the facts and circumstances in the light of the other three factors listed above.

42

The reason for the delay falls on the neutral side. The Supreme Court, in *Barker v. Wingo*, 407 U. S. 514 (1972), explained that different weights should be assigned for different reasons. It said, at 531:

> "A deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government. A more neutral reason such as negligence or overcrowded courts should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant. Finally, a valid reason, such as a missing witness, should serve to justify appropriate delay."

Delay because of inability to locate witnesses may or may not be appropriate. It must be weighed in the light of the degree of diligence with which the State pursued its attempts to locate the witnesses. When a concerted effort was made, after four years, the two necessary witnesses were found within five days. It is reasonable to infer that both could have been located readily at any time.

The third factor is whether there was prejudice to the defendant by reason of the delay. When the delay is substantial, as here, it is presumptively prejudical. *Barker v. Wingo, supra,* at 530, 532. It is for the State to make an affirmative showing of no prejudice. *State v. Lawless*, 13 Md. App. 220 (1971). There was no such showing here. The defendant has the benefit of the presumption that he was prejudiced by the delay.

To summarize, the delay was substantial; the reason, negligence and lack of due diligence, was attributable to the State; prejudice to the defendant was presumed and there was no evidence to overcome that presumption; and there was no waiver by the appellee.

Therefore, this appellee was denied his constitutional right to a speedy trial under the Sixth Amendment, and the

trial judge properly granted his motion to dismiss the indictments against him.

*Orders affirmed.*
*Costs to be paid by the Mayor and*
*City Council of Baltimore.*