## STATE OF MARYLAND *v.* WILLIAM JEROME SMITH

[No. 618, September Term, 1975.]

*Decided May 3, 1976.*

The cause was argued before THOMPSON, POWERS, MENCHINE and MELVIN, JJ.

*Michael James Kelly, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, David B. Allen, Assistant Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County* and *Richard P. Arnold, Assistant State's Attorney for Prince George's County* on the brief, for appellant.

*David K. Rumsey, Assigned Public Defender,* with whom were *Alan H. Murrell, State Public Defender* and *Edward P. Camus, Public Defender for Prince George's County* on the brief, for appellee.

PER CURIAM.

At a hearing in the Circuit Court for Prince George's County on 16 June 1975, Judge William B. Bowie granted appellee's motion to dismiss Indictment No. 14,584 on the ground that appellee had been denied his constitutional right to a speedy trial. In so doing, Judge Bowie commented, "I can't conceive of a more worthy petition that could be filed to dismiss for lack of speedy trial than this case". After our own "independent constitutional appraisal" (Epps v. State, 276 Md. 96, 109 (1975)), we completely agree.

We also agree with the State's comment to Judge Bowie at the hearing that the events leading up to the dismissal were "a rather complicated maze of circumstances". From the record before us, briefs and oral arguments, we glean from this "maze" the essential facts set forth below.

## I

On 9 November 1971, the appellee, William Jerome Smith, was charged by Indictment No. *11,877* with armed robbery. The crime occurred on 14 July 1971 at a Safeway Store in Prince George's County. There were three victims, all employees of the Safeway Store: Marshall Howell, Milda C. Parker and William L. Savoy. Indictment No. 11,877 charged Smith with robbing only the first victim, Marshall Howell. The State explained at the hearing below:

> "[Indictment No.] 11,877 is the *same case* as [Indictment No.] 14,584. The same victims are listed in the police report, the same victims were known to all the parties. *The State's Attorney's Office at that particular time apparently had the policy of indicting on only one victim.* Of course, that has proven not to be a very wise way to work it". (Emphasis added.)

At the time of his indictment (No. 11,877), Smith was incarcerated in the District of Columbia on unrelated charges arising from crimes committed in that jurisdiction. The State attempted to extradite Smith, but extradition was

denied on 12 April 1972. The State appealed from that decision on 24 April 1972, but withdrew the appeal on 5 June 1972. Despite the denial of extradition, the State was able to obtain Smith's presence in Prince George's County for arraignment on 22 November 1972.[1]

In January 1973, Smith was transferred to the Federal Penal Facility at Ashland, Kentucky, where he remained until May of 1974, a period of 15 months. In May 1974, pursuant to a writ of *habeas corpus ad prosequendum*, Smith was brought back to Maryland where he remained incarcerated in the Prince George's County Detention Center until 16 June 1975, a period of more than a year — with the exception of a return to the federal authorities for approximately one month.

On 20 May 1974, Smith's motion to dismiss Indictment No. 11,877 for lack of a speedy trial was denied by Judge Robert B. Mathias with the proviso that the case be tried within 30 days. Nine days later, on 29 May 1974, the State obtained Indictment No. *14,584* against Smith. This indictment was the same in all respects as No. 11,877 except that it named Milda C. Parker and William L. Savoy as victims instead of Marshall Howell. Howell was then no longer a resident of Maryland and the State considered it doubtful that he would be available for trial.

Both indictments were scheduled for trial on 3 July 1974, but because of a mix-up in the Public Defender's Office, Smith appeared on the day of trial without counsel and the State's motion to consolidate the cases was denied. The State then moved to continue No. 11,877 in order to allow for subsequent consolidation, but when the continuance was denied, the State *nolle prossed* the charges contained in that indictment (No. 11,877).

Indictment No. 14,584, however, was continued to 9 October 1974. The case actually came on for trial on 10 October 1974. On that day, prior to commencement of the trial, Smith moved to dismiss on the ground that he had been denied a speedy trial. The trial judge held the motion

---

1. Subsequently, the order denying extradition was "withdrawn".

*sub curia* pending trial on the merits. After a jury verdict of guilty on both armed robbery counts (as to the victims Parker and Savoy), the motion was denied.

A motion for new trial was timely filed and on 6 November 1974, the motion was granted. The State entered an *en banc* appeal from the trial judge's ruling on the motion. On 31 December 1974, the *en banc* panel affirmed the ruling. The new trial was set for 10 February 1975. But on the day of trial, the case was postponed by the trial court when it was discovered that some members of the jury panel summoned to hear the case had been involved in the first trial. The retrial was then set for 15 April 1975. On that date, however, the case was continued because of the temporary illness of appellee's counsel. Subsequently, the case was set for trial on 11 June 1975, and then rescheduled for 18 June 1975.

On 2 June 1975, appellee filed another motion to dismiss the indictment on the ground that he had been deprived of his constitutional right to a speedy trial. It was this motion, heard on 16 June 1975, that Judge Bowie granted and from the granting of which the State has appealed.

Throughout appellee's period of incarceration in Prince George's County beginning in May of 1974, the record reflects numerous *pro se* motions for a speedy trial and requests to be sent back to the federal authorities so that he could resume participation in various rehabilitative programs available in the Federal Penal System.

On 2 July 1974, 3 years after the crime occurred and 2 years and 8 months after appellee was first indicted, an alibi witness died.

## II

The State concedes in its brief that "[t]he delay in this case ... is clearly long enough to be presumptively prejudicial", citing *Epps v. State,* 276 Md. 96 (1975) and *Barker v. Wingo,* 407 U. S. 514 (1972). The State further concedes that "two years, 4 months, and 11 days" of the delay are "chargeable" to the State. The State further characterizes 10 months of the delay as "neutral". It

"charges" appellee only with the 7 months delay between the date of first indictment (9 November 1971) and the date the State dismissed its appeal of the District of Columbia order denying extradition (5 June 1972).

Without further analysis, we think the concessions of the State together with a mere recital of the facts establishes without question that appellee was denied his constitutional right to a speedy trial under the Sixth Amendment, and that the trial judge properly granted his motion to dismiss the indictment against him. *Barker v. Wingo, supra; State v. Wynn,* 26 Md. App. 39 (1975); *State v. Jones,* 18 Md. App. 11 (1973); *State v. Hunter,* 16 Md. App. 306 (1972).

*Order affirmed.*
*Costs to be paid by Prince George's County.*